WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-04-1281-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael Craig Anderson, | |
| Defendant. | |

Defendant Michael Anderson is a prisoner currently confined at the Federal Correctional Institution in Anthony, New Mexico. Defendant pled guilty to several felony counts on March 3, 2006. Dkt. #100. Defendant was sentenced on November 11, 2006. Dkt. #132.

Defendant has sent a letter to the Court indicating that he would like to file a civil motion to amend his sentence pursuant to 28 U.S.C. § 2255. Defendant asserts that his trial counsel was ineffective for many reasons, including the failure to file a timely appeal in this matter. Defendant requests the appointment of counsel and transcripts of all proceedings. Defendant further requests that the Court recommend that he be placed in a drug treatment program. The Court will deny the requests.

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does

have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (citation omitted).

Defendant is not likely to succeed on a § 2255 motion because he expressly waived his right to appeal and collaterally attack his sentence in his plea agreement. Dkt. ##133 at 5, 135 at 3; *see United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (holding that the defendant had waived his statutory right to bring a § 2255 action challenging his sentence). Defendant does not contend that he would have difficulty articulating his ineffective assistance of counsel claims. The Court will deny the request for appointment of counsel.

Defendant does not explain why he seeks transcripts of all proceedings in this case. The Court will deny the request for transcripts.

Defendant asserts generally that he believes participating in a drug treatment program would be beneficial to his rehabilitation. Defendant should direct his request to participate in a drug treatment program to the Federal Bureau of Prisons. The Court will not reopen this matter to make the requested recommendation.

**IT IS ORDERED:**

1. The requests made in Defendant Michael Anderson's letter to the Court dated April 11, 2007 are **denied**.
2. The Clerk shall send a copy of this Order to Defendant Michael Anderson.

DATED this 6th day of June, 2007.

_____
David G. Campbell
United States District Judge